HARDING v. NETTLETON, *Receiver, Plaintiff in Error.*

1.  **Railroad**: RECEIVER, ACTION AGAINST: CONTRACT. An action can be brought in a state court against a receiver of a railroad by permission of the United States court which appointed him, for the breach of a contract for the purchase of ties, made by the railroad before the appointment of the receiver.

2.  **Receiver**: JUDGMENT. The judgment of the state court cannot be enforced against the property of the corporation in the hands of the receiver, but must be presented to the Unites States court for allowance, and the latter court will determine the manner and time of paying it out of the assets of the road.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Pratt, Brumback & Ferry* for plaintiff in error.

A receiver of a railroad, appointed *pendente lite* by a court of chancery, upon a bill by or on behalf of bondholders for the foreclosure of a railway mortgage, is not authorized to appropriate the property and assets of the corporation and its earnings to payment of contract debts of the company, incurred previous to his appointment; nor are such debts binding upon the receiver or a charge upon the assets in his hands. High on Receivers, secs. 273, 391; Jones on Railroad Securities, sec. 569. The alleged contract was an oral one and void under the statutes of fraud.

HENRY, C. J.—Harding sued to recover twenty-five hundred dollars damages for an alleged breach of contract for the sale of railroad ties, charging in his petition that on or about January 10, 1878, prior to the appointment of Nettleton, as receiver, plaintiff made a contract with

said railroad company to sell and deliver to it at times specified, twenty-seven thousand railroad cross-ties at sixty-five cents per tie. That under said contract, on January 24, 1878, he delivered to said company, which accepted two hundred and eighty-two ties, for which the said company paid him the said contract price. That he was willing and ready to comply with his contract, but the said company, about the time of the delivery of the two hundred and eighty ties, refused to take any more ties. That in March, 1878, Nettleton was appointed by the circuit court of the United States for the district of Kansas, receiver of said railroad corporation. That he accepted the appointment and qualified as such and thereby became entitled to, and took, held, and received all the property, etc., of said company and was managing the same, subject only to the orders of said court, and that on the second of August, 1878, said court, by its order, gave plaintiff leave to prosecute this action against Nettleton in the state court.

The action was tried at the April term of the Jackson circuit court, and the trial resulted in a judgment for plaintiff, from which defendant has prosecuted an appeal to this court. The testimony for plaintiff was a copy of the order of the said United States court, appointing Nettleton receiver as alleged, and a copy of the order granting plaintiff leave to sue in the state court as alleged.

Harding testified to the contract as stated in the petition, the delivery of two hundred and eighty ties under the contract to the said company, and the payment for the same by the company at the contract price, and its refusal to receive any more. At the conclusion of plaintiff's evidence, a demurrer to the evidence submitted by defendant's counsel was overruled. Defendant then offered, as evidence, a report of the roadmaster of the Leavenworth, Lawrence & Galveston Railroad Company of two hundred and eighty ties purchased of Harding

and received February 2, 1878. A receipt for the ties from B. S. Henning, receiver of the Leavenworth, Lawrence & Galveston Railroad Company, signed by Harding, dated March 4, 1878, and, also, a check dated March 14, 1878, as follows:

"No. 795.        ROSEDALE. KAS., March 14, 1878.

"LEAVENWORTH, LAWRENCE & GALVESTON, RY. Co.

"*B. S. Henning, Receiver.*

"Pay to the order of Wm. Harding..............
"One Hundred and Forty-nine.... ............Dollars.
                    "C. H, PRESCOTT, Accountant.
                                    "ALDRICH.
"$149.00.  To the Mastin Bank, Kansas City, Mo."

(Stamped across the face: "The Mastin Bank, Kansas City. Paid May 16, 1878. Endorsed: Wm. Harding.)"

In rebuttal, Harding testified, that when he received the money he did not notice the heading of the check. That Campbell, with whom he made the tie contract, was purchasing agent for both of the said railroad companies. That plaintiff had no control over the ties after they were shipped. Did not know which road used the two hundred and eighty ties. They were shipped to the Missouri River, Fort Scott & Gulf Railroad Company. That he did not notice the heading of the receipt he gave.

The court, at the instance of plaintiff, gave the following instruction:

"If the jury believe from the evidence that plaintiff made with the Missouri River, Fort Scott and Gulf Railroad Company a contract to sell it the crossties, as alleged in the petition, and that said company received and paid for a part thereof, and refused to receive the remainder or inspect the same, and that

plaintiff had and offered to deliver and submit to its inspection such ties, then the jury will find for plaintiff."

* The court also gave an instruction in relation to the measure of damages, which is unexceptionable. Defendant asked the court to declare, that if no contract was made by Nettleton, as receiver of the railroad company, the jury should find for defendant. This was refused, also, one declaring that on the pleadings and proofs, the jury should find for defendant.

At the request of the defendant, the court gave the following instruction :

"4. The court instructs the jury, that unless they find from the evidence that the ties mentioned and described in the petition, or some part thereof, were delivered to and actually received by the Missouri River, Fort Scott & Gulf Railroad Company, under the contract set forth in the petition herein, or that the purchase price, or some part thereof, was paid by said railroad company to plaintiff, said contract is void under the statute of frauds, and your verdict must be for the defendant."

The jury found a verdict for plaintiff for twenty-five hundred dollars. There was evidence sufficient to warrant the verdict, and the instructions given, correctly declared the law, provided the court properly refused the defendant's first instruction, to the effect, that if Nettleton, the receiver, made no contract for the ties, the jury should find for him.

The contention of appellant's counsel is, that no action is maintainable against the receiver, except for labor, materials and supplies necessary for the operation of the road and furnished to him. Plaintiff certainly could have proceeded in the court which appointed the receiver, to have his claim allowed against the corporation, and that court has, by order, permitted him to sue in the state court. The judgment of the state court cannot be enforced against the property of the corporation in the hands of the receiver, but must be presented to the United

States court for allowance, and that court will determine how and when it may be paid out of the assets of the corporation. The judgment simply ascertains the amount which plaintiff is entitled to. The order in which it shall be paid is a matter which will be determined by the circuit court of the United States for the district of Kansas. The property of the corporation "entrusted to the care of the receiver is regarded as being in *custodia legis* for the benefit of whoever may eventually establish title thereto, the court, itself, having the care of the property by its receiver." High on Receivers, sec. 1, ch. 1. See, also, secs. 176, 177, 178, ch. 7. That court is competent to protect other creditors of the corporation who have a right to be paid out of the assets before the plaintiff receives the amount of his judgment. The judgment is affirmed.